UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br>     ACTING COMMISSIONER OF SOCIAL <br>     SECURITY,[1] <br><br> Defendant. | No. 20 CV 1828 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andrea H. brings this action under 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's (SSA) decision denying her application for benefits. For the following reasons, the Court grants plaintiff's request to reverse the SSA's decision and remand this case to the agency [16],[2] denies the Commissioner of Social Security's request to affirm the SSA's decision [17], and reverses the SSA's decision.

**Background**

In late December 2016, plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, both alleging an onset date of September 19, 2016. [12-1] 15. Plaintiff's claims were denied initially and on reconsideration. [*Id.*]. Plaintiff requested a hearing, which was held by an administrative law judge (ALJ) on October 31, 2018. [*Id.*]. In a decision dated March 28, 2019, the ALJ ruled that plaintiff was not disabled. [*Id.*] 28. The Appeals Council denied review on January 24, 2020, making the ALJ's decision the agency's final decision. [*Id.*] 1-3. *See* 20 C.F.R. §§ 404.955, 404.981.

---

[1] In accordance with Fed. R. Civ. P. 25(d), Kilolo Kijakazi, the Acting Commissioner of Social Security is substituted as the defendant in this case in place of the former Commissioner of Social Security, Andrew Saul.
[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, with the exception of citations to the administrative record [12], which refer to the page numbers in the bottom right corner of each page.

Plaintiff timely appealed to this Court [1]. The Court has jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g), and the parties have consented to my jurisdiction over the case in accordance with 28 U.S.C. § 636(c). [9].

## Legal Standard

Under the Social Security Act, disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

To determine whether a claimant is disabled, the ALJ conducts a sequential five-step inquiry: (1) whether the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairment; (4) whether the claimant can perform his past relevant work (i.e., the claimant retains the residual functional capacity (RFC) to perform his past); and (5) whether the claimant is unable to perform any other available work in light of his age, education, and work experience (i.e., able to perform any other work existing in significant numbers in the national economy). *See* 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a). "An affirmative answer leads either to the next step, or on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that the claimant is not disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

"The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence." 42 U.S.C. §405(g). Substantial evidence is a standard that "requires more than a mere scintilla of proof and instead such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walker v. Berryhill*, 900 F.3d 479, 482 (7th Cir. 2018). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). But the standard "is not entirely uncritical. Where the Commissioner's decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Brett D. v. Saul*, No. 19 C 8352, 2021 WL 2660753, at *1 (N.D. Ill. June 29, 2021) (internal quotation marks and citation omitted); *see also Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008) ("When an ALJ recommends that the agency deny benefits, it must first 'build an accurate and logical bridge from the evidence to the conclusion.'") (internal citation omitted).

## The ALJ's Decision

At Step One, the ALJ found that plaintiff had not performed substantial gainful activity since her alleged onset date of September 19, 2016. [12-1] 17. At Step Two, the ALJ determined that plaintiff had the following severe impairments: obesity; thrombophlebitis; hypertension; gastrointestinal stromal tumor status post resection and treatment; depressive disorder; and migraines. [*Id.*] 18.

At Step Three, the ALJ ruled that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1. [*Id.*]. During Step Three, the ALJ considered whether plaintiff's mental impairments satisfied the "Paragraph B" criteria. [*Id.*] 20-21. The ALJ found plaintiff had moderate limitations in concentrating, persisting, or maintaining pace and interacting with others. [*Id.*] 20. The ALJ additionally found plaintiff had a mild limitation with regard to adapting or managing oneself and no limitation in understanding, remembering, or applying information. [*Id.*] 20-21.

Before turning to Step Four, the ALJ found that, considering the entire record, plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except plaintiff cannot: climb ladders, ropes, or scaffolds; kneel, crouch, or crawl; or be exposed to unprotected heights or hazardous machinery. [*Id.*] 21. The ALJ also found plaintiff could occasionally climb ramps and stairs, and that she retained the capacity to understand, remember, concentrate, persist, and perform simple, routine, and repetitive work in a low stress environment, which is defined as having few, if any, work-related decisions and changes in the work setting. [*Id.*]. The ALJ then added two limitations to the RFC: plaintiff requires a sit-stand option, explaining she will need to stand every hour for two minutes and sit again, and she must have only occasional interactions with coworkers and the public. [*Id.*]

In making this finding, the ALJ considered plaintiff's administrative hearing testimony and medical evidence, specifically: (a) plaintiff's function report; (b) plaintiff's work history report; (c) treatment notes; and (d) physical RFC assessments of plaintiff conducted by treating physician Dr. Sachit Sharma and non-examining state agency physician consultants Dr. Phillip Galle and Dr. Calixto Aquino. [*Id.*] 18, 20, 23, 25. Regarding plaintiff's physical issues, the ALJ focused on plaintiff's conservative treatment regimen and plaintiff's denial of common cardiovascular or neurological symptoms. [*Id.*] 23-24. The ALJ found plaintiff's alleged symptoms were inconsistent with medical records that demonstrated "overall . . . normal or only slightly diminished cardiovascular, gastrointestinal, musculoskeletal, and neurological functioning." [*Id.*] 24. Regarding plaintiff's depression, the ALJ focused on treatment notes that indicated plaintiff's mental health difficulties stemmed from situational stressors rather than unpredictable psychiatric pathologies. [*Id.*]. The

3

ALJ pointed out that plaintiff was not always compliant with her counseling regimen and regularly displayed normal behavior and overall psychiatric functioning. [*Id.*].

The ALJ then detailed the weight she gave to the opinions of medical experts in this matter, and her reasoning for such weight, as follows:

- The ALJ gave little weight to the opinion of treating physician Dr. Sharma who concluded plaintiff cannot sit more than thirty minutes at one time and would be absent from work about three days per month due to her physical impairments. [*Id.*] 25 (citing [12-8] 773-75). The ALJ explained Dr. Sharma's conclusion was inconsistent with the medical evidence such as treatment notes that routinely reported plaintiff had normal or only slighted diminished physical functioning. [*Id.*]. The ALJ also found Dr. Sharma's conclusion that plaintiff would be absent three days a month undermined by plaintiff telling her counselor in June 2018 that she was actively looking for a job. [*Id.*] (citing [12-11] 1085). While the ALJ acknowledged Dr. Sharma had opportunities to observe plaintiff's physical functioning, the ALJ pointed out these opportunities occurred once every few months and Dr. Sharma's treatment of plaintiff began only six months prior to Dr. Sharma's completion of the physical RFC questionnaire. [*Id.*] (citing [12-8] 773).

- The ALJ also gave little weight to the opinions of non-examining state agency physician consultants who determined plaintiff could effectively perform work activities at the medium or light exertional level with some limitations. [*Id.*] 25 (citing [12-1] 74-89, 92-100; [12-2] 101-09). The ALJ recognized the consultants are medical specialists aware of the available medical evidence in the record and who understand social security disability programs and evidentiary requirements. [*Id.*]. However, the ALJ concluded the opinions are entitled to little weight because the consultants did not have access to the entire medical record or perform an in-person evaluation of plaintiff. [*Id.*]. For this reason, the ALJ found the consultants did not address plaintiff's alleged pain in her lower extremities that demonstrates plaintiff cannot perform work activities at greater than the sedentary exertional level. [*Id.*].

At Step Four, the ALJ ruled that plaintiff was unable to perform her past relevant work. [*Id.*] 26. At Step Five, the ALJ found plaintiff could perform jobs that exist in significant numbers in the national economy. [*Id.*] 27. The ALJ therefore concluded a finding of "not disabled" was appropriate. [*Id.*] 28.

4

**Discussion**

Plaintiff contends the ALJ's physical RFC assessment is unsupported by substantial evidence because after the ALJ rejected every medical opinion in the record she constructed a "middle ground" between these opinions, "averaging" them, to come up with her own assessment. [16] 10-11. Plaintiff argues this is reversible error. [*Id.*] 11 (citing *Bailey v. Barnhart*, 473 F.Supp.2d 822, 838-39 (N.D. Ill. 2006)). The Commissioner replies that the ALJ did not merely average the medical opinions but considered and discussed the evidence of plaintiff's thrombophlebitis, migraines, gastrointestinal stromal tumor, and obesity in crafting her RFC assessment. [17] 10. The Commissioner adds that the ALJ is not required to rely entirely on a particular physician's opinion, choose between the opinions of any of plaintiff's physicians, or call a medical expert or obtain additional medical opinion evidence whenever she does not rely on a specific physician's opinion. [*Id.*] 4-5 (citing *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007); *Luna v. Shalala*, 22 F.3d 687, 692-93 (7th Cir. 1994)). The Court agrees with plaintiff and finds that, due to errors made by the ALJ, substantial evidence does not support the decision to deny benefits and that the case must be remanded for further proceedings.[3]

"A disability claimant's RFC describes the maximum she can do in a work setting despite her mental and physical limitations." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). "An ALJ must evaluate all relevant evidence when determining an applicant's RFC[.]" *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). "Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in doing so [she] may not ignore entire lines of contrary evidence." *Id.* at 592. An ALJ "must explain [her] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Moira L. v. Kijakazi*, No. 19 C 2687, 2022 WL 846469, at *2.

An ALJ's duty to consider both medical and non-medical evidence in determining an applicant's RFC may require an ALJ to evaluate conflicting medical evidence but never to make independent medical findings. *See Bailey v. Barnhart*, 473 F.Supp.2d 842, 849 (N.D. Ill. 2006) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)). The latter is considered "playing doctor" and is reversible error where the ALJ fails to rely on other medical evidence or authority in the record. *See Dixon v. Massanari*, 270 F.3d 1171, 1177-78 (7th Cir. 2001) (citing *Clifford*, 227 F.3d at 870). That said, an ALJ's RFC assessment is not required to match the opinion of at least one physician of record. *See Schmidt*, 496 F.3d at 845. Where the ALJ has rejected the medical opinion evidence, the rest of the record must support her RFC assessment. *See Suide v. Astrue*, 371 Fed. Appx. 684, 690 (7th Cir. 2010). The ALJ "must build an accurate and logical bridge from the evidence to her conclusion." *Clifford*, 227 F.3d at 872. She may not "'play doctor' by using her own lay opinions to

---

[3] Because the errors discussed herein are dispositive, the Court need not address the other issues raised by plaintiff.

5

fill evidentiary gaps in the record." *Suide*, 371 Fed. Appx. at 690 (citing *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003). Instead, the ALJ must "develo[p] the record to a sufficient degree to enable her to conduct a reasonable RFC based on objective evidence." *Bailey*, 473 F.Supp.2d at 850; *see also Suide*, 371 Fed. Appx. at 690 ("[I]t was the ALJ's responsibility to recognize the need for further medical evaluations of [applicant's] conditions before making her [RFC] . . . determinatio[n]."). At minimum, the ALJ is required to "provide adequate citation to the record in support of the RFC [she] constructed." *Alexander v. Astrue*, No. 09 C 3406, 2010 WL 3199356, at *11 (N.D. Ill. Aug. 10, 2010). Constructing a "middle ground" RFC assessment from rejected medical opinions, without a medical basis, does not fulfill an ALJ's duty and is grounds for remand. *Desiree B. v. Saul*, No. 18-cv-8129, 2019 WL 6130814, at *6 (N.D. Ill. Nov. 19, 2019); *see also Bailey*, 473 F.Supp.2d at 850.

Here, the ALJ rejected all medical opinion evidence in the record, assigning the opinions of treating physician Dr. Sharma and non-examining state agency physicians Dr. Galle and Dr. Aquino, "little weight." [12-1] 25. *See Suide*, 371 Fed. App'x at 688, 690 (ALJ effectively rejected opinion reports that he did not give "significant weight"); *see also Alexander*, 2010 WL 3199356, at *11 (same). Based on the remaining record medical evidence, the ALJ made the following RFC assessment:

> After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except the claimant cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She cannot kneel, crouch, or crawl. She cannot have exposure to unprotected heights or hazardous machinery. She requires a sit-stand option. She will need to stand every hour for two minutes and sit again. She retains the capacity to understand, remember, concentrate, persist, and perform simple, routine, and repetitive work in a low stress environment, which is defined as having few, if any, work-related decisions and changes in the work setting. She can occasionally interact with the public and coworkers.

[12-1] 21.

The Court finds the ALJ's RFC assessment adopts an impermissible middle-ground between the rejected medical opinions, is unsupported by the remaining evidence in the record, and thus, warrants remand.

6

## I. The ALJ's Adoption of a Sedentary RFC Crafts a Middle-Ground Between Rejected Medical Opinions without a Medical Basis.

An ALJ's RFC assessment that adopts limitations less restrictive than a treating physician's opinion but more restrictive than a state agency physician's opinion, or vice versa, strongly suggests the ALJ assessed a middle-ground without a medical basis. *See Desiree B.*, 2019 WL 6130814, at *6; *see also Lee v. Kijakazi*, 2:20-cv-306 DRL, 2022 WL 336812, at *6 (N.D. Ind. Feb. 4, 2022) ("What is problematic though, is that the ALJ assessed an RFC that was more restrictive than [some medical providers] but less restrictive than other providers . . . without building the logical bridge as to why."); *Lashaun B. v. Saul*, 2:19-cv-38, 2019 WL 6112561, at *7-8 (N.D. Ind. Nov. 18, 2019) (same). Here, the ALJ's adoption of a sedentary RFC for plaintiff with a sit-stand option appears to do just that. [12-1] 21. Plaintiff's treating physician Dr. Sharma found plaintiff must walk every fifteen minutes for at least six minutes, and thus needs a job that permits shifting positions from sitting, standing, or walking. [12-8] 774. In contrast, both non-examining state agency physicians found plaintiff capable of nearly full ability to walk and stand (6 out of 8 hours in a normal workday); neither physician required a sit-stand option. [12-1] 78; [12-2] 97. The ALJ adopted no opinion of record and limited plaintiff to sedentary work, with a sit-stand option where plaintiff will need to stand every hour for two minutes and sit again. [12-1] 21, 25. Thus, the ALJ found that plaintiff could perform more than plaintiff's treating physician opined, but less than the state agency physicians opined – indicating to the Court that the ALJ crafted a middle ground between the rejected physicians' RFCs.

The issue then is whether the ALJ relied on and cited other medical evidence or authority in the record to support her constructed RFC. *See Dixon*, 270 F.3d 1171, 1177-78. The ALJ did not. The ALJ made this assessment without any citation to the record, and on review of the record, excluding the rejected medical opinions, the Court is unable to identify any medical evidence to support the ALJ's findings. The ALJ's summary of plaintiff's medical history that follows her RFC assessment is not adequate explanation for the limitations the ALJ found. [12-1] 22-24; *see Lashaun B.*, 2019 WL 6112561, at *7 ("It was not enough to summarize impairments, then give her conclusion. The ALJ had to explain what limitations those conditions imposed on plaintiff, and explain why the evidence supported the limit to sedentary work"). The ALJ did not explain why plaintiff's medical history led the ALJ to conclude that plaintiff was more limited than the state agency physicians found and less limited than her treating physician found. *Id.* In failing to point to specific evidence to support her conclusion that plaintiff could sustain full-time sedentary work, "the ALJ did not build the necessary logical bridge between her RFC finding and the medical evidence." *Latanzio v. Colvin*, No. 15 C 11868, 2017 WL 218826, at *4 (N.D. Ill. Jan. 19, 2017) ("The Court is left in the dark in attempting to determine how the ALJ applied this new medical evidence to reach her conclusion regarding the RFC; it does not appear to [be] supported by the medical evidence . . . ."). The ALJ's failure to point

7

to specific evidence to support her conclusion that plaintiff could sustain full-time sedentary work, warrants remand.

The Commissioner contends that the ALJ's RFC assessment is supported by substantial evidence despite the ALJ affording little weight to the medical opinion evidence because it is well established that an ALJ is not required to rely entirely on a physician's opinion or choose between the opinions of any of plaintiff's physicians. [17] 5 (citing *Schmidt*, 496 F.3d at 845). The Commissioner adds that under 20 C.F.R. § 404.1545 an ALJ is required to consider both medical and non-medical evidence in making an RFC determination and the final disability determination is left to the agency. [*Id.*] 4-5 (citing *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014)). But the Court's decision does not rest on the proposition that an ALJ's assessment must match that of a physician in the record. The Court's conclusion rests on the ALJ's failure to adequately explain and support her RFC determination with supporting evidence. *See Clifford*, 227 F.3d at 872; *see also Bailey*, 473 F.Supp. at 850. This is not to say, to the Commissioner's point, that an ALJ must in every case call a medical expert or obtain additional medical opinion evidence whenever she does not rely on a specific physician opinion. *See Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). In *Diaz*, the Court affirmed the ALJ's disability determination, noting that the ALJ was not required to rely solely on the physicians' opinions where the ALJ relied on detailed medical records, the claimant's testimony about his physical abilities, and the claimant's work history to reach his RFC determination. 55 F.3d at 306-307, n.2. Here, in stark contrast, the ALJ failed to cite to any evidentiary support for her RFC assessment. Further, as discussed above and below, the remaining medical and non-medical evidence simply did not support the ALJ's specific medical findings.

## II. The ALJ's Adoption of Environmental Limitations Endorses a Conclusion of a Rejected Medical Opinion without the Required Explanation.

Additionally, the ALJ appears to adopt in part the opinion of non-examining state agency physician Dr. Aquino, whose opinion she gave little weight, when the ALJ concluded that plaintiff "cannot have exposure to unprotected heights or hazardous machinery." [12-1] 21, 25. Dr. Aquino found on reconsideration that plaintiff should avoid concentrated exposure to machinery and heights. [12-2] 98. As stated throughout, the ALJ rejected Dr. Aquino's opinion when she gave the state agency physicians' opinions little weight. [12-1] 15. While the ALJ was free to accept or reject the different conclusions expressed by Dr. Aquino, the ALJ needed to "explain the logical bridge between the evidence and a decision to give different weights to different parts of a medical opinion so as to allow for meaningful review." *Brett D.*, 2021 WL 2660753, at *3. The ALJ did not explain why she accepted or credited this part of Dr. Aquino's opinion, nor did the ALJ cite any other evidence in the record that would support a finding that plaintiff had environmental limitations.

8

Excluding the rejected medical opinions, the rest of the record "does not support the parameters included in the ALJ's [RFC] determination." *See Suide*, 371 Fed. App'x at 690. Without Dr. Sharma's and the state agency physicians' opinions, the remaining medical evidence in the record consists predominately of treatment notes from other medical providers. [12-4] 350-57, 370-74, 379, 382-85; [12-5] 413-19, 425-30; [12-6] 524-31; [12-7] 616. However, on review of these notes, these other treatment providers did not opine about any limitations plaintiff's impairments may have caused, let alone environmental limitations, so the remaining medical records could not have been used to support these specific limitations included in the ALJ's RFC assessment. [*Id.*]; s*ee Suide*, 371 Fed. App'x at 690. Thus, the ALJ's assessment of plaintiff's RFC is not supported by substantial evidence, and that determination cannot stand.

For that reason, as well as the other reasons discussed above, the case must be remanded.

## Conclusion

The decision of the SSA is reversed, and in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: March 8, 2023**